UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-07955-SVW-JC | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Nicholas Lane v. Ameron Pole Products LLC et al.* | | |

JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO REMAND [11][13]

I. **Introduction**

On August 6, 2018, Plaintiff Nicholas Lane filed a class action lawsuit in state court against Defendants Ameron Pole Products LLC and National Oilwell Varco Inc., alleging ten causes of action for various violations of the California Labor Code and the California Business & Professions Code. *See* Dkt. 1-1.

On September 13, 2018, Defendant Ameron Pole Products LLC ("Defendant") filed an Answer in state court and filed a Notice of Removal in this Court the same day. Dkts. 1, 1-3. Defendant's basis for federal jurisdiction was Section 301 of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185(a). Dkt. 1 at 2-4. On October 5, 2018, Plaintiff filed a motion to remand the case to state court. Dkt. 13.

II. **Standard of Review**

United States federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Due to this presumption, federal courts must exercise "prudence and restraint" when considering the propriety of removal pursuant to 28 U.S.C. § 1441. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). District courts within the Ninth Circuit "strictly construe the removal statute against

: 
Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-07955-SVW-JC | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Nicholas Lane v. Ameron Pole Products LLC et al.* | | |

removal jurisdiction" and reject removal "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citations omitted). The defendant seeking removal "bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Id.* (quoting *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

### III.     LMRA Preemption

The "artful pleading" doctrine precludes a plaintiff from defeating federal jurisdiction over a federal claim "by disguising or pleading it artfully as a state law cause of action." *Vasserman v. Henry Mayo Newhall Memorial Hosp.*, 65 F. Supp. 3d 932, 950 (C.D. Cal. 2014). The federal court must uphold removal and retain jurisdiction over the plaintiff's claim that arises under federal law, even if it is not pled as such. *Id.* The "artful pleading" doctrine encompasses state law claims that are "completely preempted" by federal law. *Id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)). Complete preemption is "narrowly construed" and can be found only if "the preemptive force of the federal statute at issue [is] 'extraordinary.'" *Vasserman*, 65 F. Supp. 3d at 950-51 (citations omitted).

Section 301 of the LMRA grants federal courts with original jurisdiction, irrespective of the amount in controversy or citizenship of the parties, over any lawsuits "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). The Ninth Circuit has elucidated a two-part test to determine whether § 301 preempts a cause of action brought in state court.

First, the court must determine if the claim "involves a right conferred upon an employee by virtue of state law, not by a [collective-bargaining agreement]." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). If the "legal character" of the claim involves rights that exist solely because of a collective-bargaining agreement, then the claim is directly preempted even if a parallel grievance depending on the same facts could be brought under a collective-bargaining agreement. *Id.* at 1059-60 (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985); *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). The defendant cannot rely on the collective-bargaining agreement as a defense in order to re-characterize "what is plainly a state-law claim" as encompassing a federal question. *Burnside*, 491 F.3d at 1060 (quotation omitted); *see also Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921 (9th Cir. 2018).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07955-SVW-JC | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Nicholas Lane v. Ameron Pole Products LLC et al.* | | |

Second, if the claim exists independently from any collective-bargaining agreement, preemption may still lie if the claim is "'substantially dependent on analysis of a collective-bargaining agreement'" and necessarily requires the court to "interpret" the agreement. *Burnside*, 491 F.3d at 1059-60 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987)); *see also Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001). The term "interpretation" is construed in a narrow manner and "means something more than 'consider,' 'refer to,' or 'apply.'" *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). Merely "looking to" a collective-bargaining agreement for a limited purpose—*e.g.*, "to discern that none of its terms is reasonably in dispute" or "to refer to bargained-for wage rates in computing [a] penalty"—is insufficient to confer federal jurisdiction over the plaintiff's claim. *Burnside*, 491 F.3d at 1060 (quotations omitted). Thus, a defendant's referral to a collective-bargaining agreement to determine "whether the plaintiff's union 'bargained away the state law right at issue'" would not implicate § 301 preemption. *Id.* (quoting *Cramer*, 255 F.3d at 692).

### A. Legal Character of Claims

Plaintiff's claims in the Complaint unequivocally arise under state law and have no basis in any collective-bargaining agreement with Defendant. The legal character of Plaintiff's claims rest in California statutes pertaining to the rights of employees working in the state; Plaintiff's claims exist wholly independently of any rights created by a collective-bargaining agreement. Nowhere in the Complaint does Plaintiff even mention a collective-bargaining agreement with Defendant. *See* Dkt. 1-1. Thus, it is clear that Plaintiff's claims as set forth in the Complaint involve only rights conferred by state law.

In its Notice of Removal, Defendant identifies only Plaintiff's first and second causes of action as preempted by § 301. *See* Dkt. 1 at 6. Regarding Plaintiff's first cause of action for unpaid overtime under California Labor Code § 510, Defendant cites to California Labor Code § 514, which exempts overtime requirements from employees signatory to a collective-bargaining agreement that meets certain conditions, as the basis for federal jurisdiction over that claim. But courts within the Ninth Circuit have explicitly held that a defendant's reliance on § 514 is an affirmative defense to an employee's claim of unpaid overtime and does not establish preemption under LMRA § 301. *See, e.g.*, *Vasserman*, 65 F. Supp. 3d at 954 (noting that because the defendant's "reliance on § 514 is essentially a defense to [the plaintiff]'s overtime claim, it does not give rise to § 301 preemption"); *Peters v. RFI Enters., Inc.*, No. 18-cv-02771-BLF, 2018 WL 3869565, at *4-5 (N.D. Cal. Aug. 15, 2018) (collecting cases holding that

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07955-SVW-JC | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Nicholas Lane v. Ameron Pole Products LLC et al.* | | |

statutory exemptions to California state labor laws are affirmative defenses that do not change the legal character of a plaintiff's claims under those statutes to give rise to § 301 preemption).[1]

Similarly, the resolution of Plaintiff's second cause of action for failure to provide meal or rest periods under California Labor Code §§ 226.7 and 512(a) does not depend on any provisions of a private agreement between the parties. Indeed, the Ninth Circuit has held that "[t]he right to meal periods applies to signatories of collective bargaining agreements and constitutes a nonnegotiable right under California state law." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1082 (9th Cir. 2005). Defendant also raises the exemption under § 512(e) as a defense to Plaintiff's meal period claim, but exemption under § 512(e) is treated as an affirmative defense akin to exemption to unpaid overtime under § 514 and similarly is insufficient to confer federal jurisdiction via § 301 preemption. *See, e.g., Lopez v. Sysco Corp.*, No. 15-cv-04420-JSW, 2016 WL 3078840, at *3-4 (N.D. Cal. Jan. 25, 2016) (finding § 512(e) exemption insufficient to establish a right conferred by a collective-bargaining agreement as necessary to establish the first prong of the *Burnside* preemption test).

Accordingly, Defendant's bases for federal jurisdiction over Plaintiff's first and second causes of action do not create a federal question for either claim under the first step of the preemption analysis set forth in *Burnside*.

### B. Interpretation of Collective-Bargaining Agreement

Similarly, under the second step of the *Burnside* test, none of Plaintiff's claims present a federal question on the ground that the claims "substantially depend" on the interpretation of a collective-bargaining agreement.

---

[1] In support of its position that § 514 is sufficient to establish federal jurisdiction, Defendant cites to *Coria v. Recology, Inc.*, in which the court held that § 301 preempted the plaintiff's overtime claims because the collective-bargaining agreement was subject to the § 514 exemption, precluding the existence of an independently-created right for the plaintiff to enforce under the California Labor Code. *See* 63 F. Supp. 3d 1093, 1098-1100 (N.D. Cal. 2014). In light of the overwhelming precedent to the contrary, the Court declines to follow *Coria*. *See, e.g., Peters*, 2018 WL 3869565, at *3-4 (declining to follow *Coria* and noting that "[t]he Ninth Circuit's most recent guidance confirms, as the majority of courts to decide the issue have held, that invocation of an exemption like the one codified in Section 514 is not sufficient to find that LMRA § 301 preempts a claim grounded in state law"); *Lopez v. Sysco Corp.*, No. 15-cv-04420-JSW, 2016 WL 3078840, at *4 (N.D. Cal. Jan. 25, 2016) (explicitly disapproving of the reasoning in *Coria* and choosing to follow *Vasserman* as more persuasive).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07955-SVW-JC | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Nicholas Lane v. Ameron Pole Products LLC et al.* | | |

As to Plaintiff's first cause of action for unpaid overtime, whether the § 514 exemption applies does not require the Court to interpret contested provisions of any collective-bargaining agreement. The text of § 514 exempts the overtime requirements in § 510 for employees under a collective-bargaining agreement that provides "for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514.

The collective-bargaining agreement Defendant attached to its Notice of Removal includes provisions covering each of these topics. *See generally* Declaration of Susan McLain, Dkt. 3 ("McLain Decl."), Ex. A. The Court would not need to interpret these provisions in the agreement to determine whether the basic requirements in § 514 have been met. Thus, Plaintiff's first cause of action for unpaid overtime under § 510 does not "substantially depend" on interpreting the collective-bargaining agreement. *See Vasserman*, 65 F. Supp. 3d at 959-60 (rejecting § 301 preemption as to the plaintiff's § 510 claim because "whether § 514 applies will not be substantially dependent on interpretation of the CBAs as opposed to interpretation of state law"); *Peters*, 2018 WL 3869565, at *6 (same).

The same is true for Plaintiff's second cause of action for the failure to provide meal and rest periods under § 512(a). The exemption to meal periods required under § 512(a) is found in § 512(e), which applies to certain categories of employees operating under a collective-bargaining agreement that "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." Cal. Lab. Code § 512(e)(2).

As noted above, the collective-bargaining agreement purportedly covering Plaintiff's employment with Defendant contains provisions on each of these subjects. *See* McLain Decl. Ex. A. Whether the requirements for § 512(e) exemption are satisfied in the agreement can be determined by merely looking to the agreement and does not require any interpretation of contested terms. Defendant does not point to any particular provisions in the agreement that would require substantial analysis or interpretation to resolve the applicability of the exemption. Accordingly, Defendant has not met its burden to establish that Plaintiff's second cause of action requires interpretation of the collective-bargaining agreement. *See Lopez*, 2016 WL 3078840, at *4-5 (finding the defendant had not met its burden under the second prong of the *Burnside* test because the defendant "does not point to any

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-07955-SVW-JC | Date | November 5, 2018 |
|---|---|---|---|
| Title | *Nicholas Lane v. Ameron Pole Products LLC et al.* | | |

particular provisions of the CBA that the Court would be required to interpret to determine whether the exemption set forth in Section 512(e) applies"); *see also Meyer v. Irwin Indus., Inc.*, 723 F. Supp. 2d 1237, 1244 (C.D. Cal. 2010) (rejecting preemption of the plaintiff's meal period claims under § 512(a) and noting that "it is irrelevant that the CBA provides for similar claims under its own terms because the state law claims can be resolved without interpreting the CBA").

In summary, Defendant has not met its burden to show that Plaintiff's first or second cause of action requires "interpretation" of a collective-bargaining agreement between Plaintiff and Defendant, as necessary to establish federal jurisdiction under the second prong of the *Burnside* test.

## IV. Conclusion

Based on the above, Defendant has failed to meet its burden upon seeking removal to show that § 301 of the LMRA applies to preempt Plaintiff's first and second causes of action under either prong of the preemption test set forth in *Burnside*. *See* 491 F.3d at 1059-60. Plaintiff's claims as articulated in the Complaint arise exclusively out of state law and do not confer federal jurisdiction in this Court. Accordingly, Plaintiff's motion to remand the case to state court is GRANTED.[2]

Because the case is remanded, the Court need not address Plaintiff's motion to strike portions of Defendant's Answer, Dkt. 11. Accordingly, Plaintiff's motion to strike is DENIED as moot.

IT IS SO ORDERED.

---

[2] Defendant's argument that Plaintiff waived his right to seek a remand by engaging in motion practice prior to filing a motion to remand is legally incorrect. The cases Defendant cited holding that the right to remand was waived each pertain to a plaintiff seeking remand due to *procedural* defects with the defendant's removal. *See Meadows v. Bicrodyne Corp.*, 559 F. Supp. 57, 57-58 (N.D. Cal. 1983) (addressing an argument that defendants' removal was untimely); *Owens v. Gen. Dynamics Corp.*, 686 F. Supp. 827, 830 (S.D. Cal. 1988) (addressing waiver of a plaintiff's "right to object to *untimely* removal of an action") (emphasis added); *SWC Inc. v. Elite Promo Inc.*, 234 F. Supp. 3d 1018, 1022 (N.D. Cal. 2017) (citing *Owens* for the standard governing waiver of the right to remand for a "non-jurisdictional defect"). As Plaintiff noted in his reply, a court's subject-matter jurisdiction "can never be forfeited or waived," *United States v. Cotton*, 535 U.S. 625, 630 (2002), and courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Thus, the Court must assess whether Defendant's bases for invoking federal subject-matter jurisdiction are proper even in the absence of a motion to remand.